UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ERNEST R. ELLIS, SR.,**

        **Plaintiff,**

                             **Case No. 2:23-cv-3261**
      **v.**                      **JUDGE EDMUND A. SARGUS, JR.**
                              **Magistrate Judge Elizabeth Preston Deavers**

**BOARD FOR CORRECTION
OF NAVAL RECORDS,**

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Ernest Ellis's Motions for Default Judgment.  (Mot., ECF No. 33; Second Mot., ECF No. 38; Third Mot., ECF No. 47.)  For the reasons below, the Court **DENIES WITHOUT PREJUDICE** Mr. Ellis's Motions.

Mr. Ellis, proceeding *pro se*, brought this action against the Board for Correction of Naval Records.  (Compl., ECF No. 1.)  Mr. Ellis seeks to compel the Board to respond and to comply with his new submissions seeking expungement of unauthorized absence time and an upgrade in discharge status based on Mr. Ellis's service-connected head trauma and post-traumatic stress disorder.  (*Id*. at PageID 5–7.)  The Board has denied relief to Mr. Ellis based on prior submissions, but has stated that it will reconsider its decisions based upon submission of new, material evidence. (*Id*. at PageID 30, 35–36.)

This Court advised Mr. Ellis that his service was deficient.  (Deficiency Order, ECF No. 18, PageID 276.)  Mr. Ellis provided service packets for Defendant, the United States Attorney for the Southern District of Ohio and the United States Attorney General, but only the service packet for the Board had a properly completed summons form.  (Deficiency Order, ECF No. 22, PageID

1

317.)  This Court advised Mr. Ellis that the Clerk could not issue a summons and send service documents to the United States Attorney for the Southern District of Ohio and the United States Attorney General unless he provided properly addressed forms.  (*Id.* at PageID 318.)  Mr. Ellis then provided a summons form addressed to the Attorney General and the Clerk effectuated service.  (ECF Nos. 23–25.)  The Clerk did not receive a form addressed to the United States Attorney.  Mr. Ellis applied to the Clerk for entry of default against the Board, which the Clerk has not entered.  (Application, ECF No. 32.)  Mr. Ellis then moved for default judgment.  (Mots., ECF Nos. 33, 38, 47.)

Mr. Ellis's Motions for Default Judgment are premature because the clerk has not entered default against the Board.  *Devlin v. Kalm*, 493, F. App'x 678, 685–86 (6th Cir. 2012) (citing *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). Further, proper service is a "prerequisite to entry of default or default judgment." *Meitzner v. City of Sterling Heights*, 2023 WL 5275100, at *3 (6th Cir. Mar. 29, 2023).  Mr. Ellis has not shown that he has delivered a copy of the summons and the complaint to the United States Attorney for the Southern District of Ohio as required for proper service under Federal Rule of Civil Procedure 4(i)(1)(A).

For the reasons stated above, the Court **DENIES WITHOUT PREJUDICE** Mr. Ellis's Motions for Default Judgment (Mot., ECF No. 33; Second Mot., ECF No. 38; Third Mot., ECF No. 47).  If he still wishes for the Clerk to assist in the service process, Mr. Ellis is **DIRECTED** to provide the Clerk with a summons form addressed to the United States Attorney for the Southern District of Ohio **within 14 days of this Court's Order**.

Mr. Ellis is warned that his failure to comply with this Court's Order will result in the dismissal of this case under Rule 4(m) of the Federal Rules of Civil Procedure.

This case remains open.

**IT IS SO ORDERED.**


**9/27/2024**                               **s/Edmund A. Sargus, Jr.**
**DATE**                                    **EDMUND A. SARGUS, JR.**
                                            **UNITED STATES DISTRICT JUDGE**