UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ERNEST R. ELLIS, SR.,**

**Plaintiff,**

v.

**BOARD FOR CORRECTION OF
NAVAL RECORDS,**

**Defendant.**

Case No. 2:23-cv-3261
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Elizabeth P. Deavers**

**ORDER**

This matter is before the Court *sua sponte* regarding the sufficiency of Plaintiff Ernest Ellis, Sr.'s Complaint and service on Defendant. Plaintiff filed suit against Defendant "Board for Correction of Naval Records" ("BCNR") on October 4, 2023. (Compl., ECF No. 1.) Plaintiff's Complaint appears to raise claims stemming from his general honorable discharge from the United States Navy in 1975 and the denial of his requests for an upgrade to his service characterization. (*See id.*, PageID 10; 2019 BCNR Letter, ECF No. 1, PageID 35–36.) For the reasons stated in this Order, this Court **DIRECTS** Plaintiff to serve the United States Attorney for the Southern District of Ohio and the United States Department of the Navy **within 21 days of this Order as instructed below.** The Court **WARNS** Plaintiff that if he fails to do so, his case may be dismissed.

**I.    Nature of the Complaint and Exhaustion of Administrative Remedies**

Plaintiff was discharged from the United States Navy in August 1975 following his conviction by summary court-martial for two periods of unauthorized absence from service earlier in 1975. (2019 BCNR Letter, PageID 35.) He was discharged "with a general, under honorable conditions (GEN), characterization of service by reason of unsuitability." (*Id.*) Since then, Plaintiff

has repeatedly asked courts to review adjudications by BCNR denying his requests to correct his naval records regarding the characterization of his discharge.

Relevant to this current litigation, Plaintiff applied to BCNR in June 2018 for a correction of his naval records, arguing he "should have been honorably medically discharged due to [his] diagnosed neurosis and accompanying symptoms." (2019 BCNR Letter, PageID 36.) Attached to his Complaint, Plaintiff includes two letters from the United States Department of the Navy, BCNR. The first, dated August 31, 2019, informs Plaintiff that his June 7, 2018 request for correction of his Naval records has been disapproved (BCNR Docket # NR20180004911). (*Id.*, PageID 35.) BCNR stated that it considered Plaintiff's application for correction "in light of the Secretary of Defense's 3 September 2014 memorandum," which, in part, provided policy guidance on Naval records corrections requests made by veterans with Post-Traumatic Stress Disorder (PTSD).[1] (*See id.*, PageID 36.)

BCNR concluded Plaintiff should not be granted relief because his two periods of unauthorized absence from the military in 1975 were unjustified and because his discharge designation already accounted for a determination that he was suffering from early stages of a psychotic disorder at the time. (*Id.*, PageID 36–37.) It determined that a designation of "medical discharge was not warranted." (*Id.*, PageID 37.)

In BCNR's second letter to Plaintiff, dated February 22, 2023, the Board informed Plaintiff

---

[1] The memo, titled "Supplemental Guidance to Military Boards for Correction of Military/Naval Records Considering Discharge Upgrade Requested by Veterans Claiming Post Traumatic Stress Disorder," was not attached to Plaintiff's Complaint. It was authored by Secretary of Defense Chuck Hagel and is accessible on the Secretary of the Navy's website. The memo included policy guidance "intended to ease the application process for veterans who are seeking redress and assist the Boards [for Correction] in reaching fair and consistent results in" cases where veterans request discharge upgrades "based on previously unrecognized [PTSD]." United States Secretary of Defense, *Supplemental Guidance to Military Boards for Correction of Military/Naval Records*, https://www.secnav.navy.mil/mra/bcnr/Documents/HagelMemo.pdf.

that it would not consider his February 21, 2022 application for correction of records because he was previously denied relief. (*Id.*, PageID 30.) It informed Plaintiff that he may submit a new DD Form 149 ("Application for Correction of Military Record"), along with new evidence, to initiate BCNR's reconsideration of its August 31, 2019 decision. (*Id.*) BCNR also stated "[i]n the absence of sufficient new and material evidence for reconsideration, the decision of the Board is final, and your only recourse would be to seek relief, at no cost to the Board, from a court of appropriate jurisdiction." (*Id.*)

BCNR was created "for the purpose of determining the existence of error or injustice in the naval records of current and former members of the Navy and Marine Corps, to make recommendations to the Secretary or to take corrective action on the Secretary's behalf when authorized." 32 C.F.R. § 723.2(b). "Federal courts have the authority to review the decision of a military board of correction under the Administrative Procedure Act (APA)." *Bolton v. Department of the Navy Board for Correction of Naval Records*, 914 F.3d 401, 406 (6th Cir. 2019) (citing 5 U.S.C. § 701 *et seq.*; *Piersall v. Winter*, 435 F.3d 319, 323–25 (D.C. Cir. 2006)). "Decisions of the BCNR are 'subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence.'" *Id.* (quoting *Chappell v. Wallace*, 462 U.S. 296, 303 (1983)); *see also* 10 U.S.C. § 1558(f)(3)(A) (authorizing a court to set aside an action of the Secretary of any military department "only if the court finds that the recommendation or action was—(A) arbitrary or capricious; (B) not based on substantial evidence; (C) a result of material error of fact or material administrative error; or (D) otherwise contrary to law").

Here, Plaintiff essentially asks this Court to review an adjudication by BCNR denying the application for correction of military records he submitted in light of the Secretary of Defense's September 2014 memorandum. Plaintiff has provided evidence that he sought such relief in June

2018 and was denied relief in August 2019. (*See* Compl., PageID 35.) Based on BCNR's letters to Plaintiff, Plaintiff's only available option for further administrative review would be to file another DD Form 149, along with new evidence, for reconsideration of the denial. (*See id.*, PageID 30.) It appears from the record that there is no apparent cap on the number of times Plaintiff can apply for reconsideration of BCNR's denial of his application for correction. Accordingly, Plaintiff likely has sufficiently exhausted available administrative remedies. *See Seepe v. Department of the Navy*, 518 F.2d 760, 762, 765 (6th Cir. 1975) (holding that plaintiff failed to exhaust his administrative remedies because "he never appealed to the Board for Correction of Naval Records" at all). Even so, this Court reserves a decision on that question and would consider Defendant's arguments to the contrary in future filings.

## II.   Insufficiency of Service

On September 27, 2024, this Court advised Plaintiff that he had not properly served the United States Attorney for the Southern District of Ohio. (Opinion and Order, ECF No. 48, PageID 560–61; *see* ECF Nos. 18, 22.) This Court directed Plaintiff "to provide the Clerk with a summons form addressed to the United States Attorney for the Southern District of Ohio within 14 days of this Court's order." (Opinion and Order, PageID 561.)

Acting on behalf of Defendant, the United States Attorney for the Southern District of Ohio filed a Notice arguing that Plaintiff has not properly served the United States Attorney. (Gov't Not., ECF No. 59, PageID 711–14.) On October 9, 2024, Plaintiff filed a Request for Issuance of Summons to the United States Attorney at its address in Columbus, Ohio and included his name and address on the form. (ECF No. 54.) He also included a proof of service form. (*Id.*) The Clerk then filed a Notice of Summons Issued. (ECF No. 55.) But no completed proof of service has been filed, and the United States Attorney maintains it has not been served. (Gov't Not., PageID 711.)

Plaintiff properly obtained a signed summons form from the Clerk, but he has not fully complied with Federal Rule of Civil Procedure 4(i)(1), which details the process of serving "the United States and Its Agencies, Corporations, Officers, or Employees." To properly serve the United States and its officers, Plaintiff must, in pertinent part:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(1). While Plaintiff complied with Rule 4(i)(1)(B) (*see* ECF No. 26), he has not yet satisfied Rule 4(i)(1)(A).

This Court's "Guide for the *Pro Se* Litigant" provides guidance for completing service of process forms and counsels that the litigant is "responsible for completing and providing the Clerks' Office with the appropriate service forms." *See* United States District Court for the Southern District of Ohio, A Guide for *Pro Se* Civil Litigants, p. 9 ("*Pro Se* Guide").[2] The *Pro Se* Guide explains that the Court prefers litigants to request waiver of service, but this rule does not apply if the United States is named as a Defendant. *Id.* at p. 10. The Guide further explains that "[f]ormal service upon the federal government or any of its agencies can be accomplished by certified mail (return receipt required) with the properly executed summons. Local Civil Rule 4.2 more fully explains the process for service by certified mail." *Id.* at p. 11.

---

[2] For ease of access, the Court links the *Pro Se* Guide here: https://www.ohsd.uscourts.gov/pro-se-handbook

The record does not contain proof that service has been effected on the United States Attorney for the Southern District of Ohio.

Further, Plaintiff has not served the United States Department of the Navy. Plaintiff named and served BCNR (*see* ECF No. 24), but BCNR is merely a board established as a component of the United States Department of the Navy and is not an "agency, corporation, officer, or employee" of the United States. *See* 32 C.F.R. § 723.2(a) (establishing BCNR under the Department of the Navy). Because BCNR is a component of the Department of the Navy, which is an agency of the United States, a claim against BCNR is essentially a claim against the Department of the Navy. Therefore, service must be completed on the Navy. *See* 32 C.F.R. § 257.5(c) ("The Secretary of the Navy, or his designee, the General Counsel, shall accept service of process for the Department of the Navy.").

Under Federal Rule of Civil Procedure 4(i)(2), "[t]o serve a United States agency . . . a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency." Thus, Plaintiff must serve the United States Department of the Navy at its service address as established by Appendix B to 32 C.F.R. § 97:

> As with all service of process on the Department of the Navy, a demand (subpoena or court order) must be delivered to the Naval Litigation Office using registered or certified mail, a commercial courier service, or a process server. The address for all service of process is: General Counsel of the Department of the Navy, Naval Litigation Office, 720 Kennon St. SE, Room 233, Washington Navy Yard, DC 20374–5013.

## III. Plaintiff's Motion for Discovery

Plaintiff filed a Motion for Discovery seeking disclosures from Defendant. (ECF No. 60.) Under Rule 26(d)(1) of the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by

stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The Court's docket shows that no Rule 26(f) report has been filed that reflects the participation of both parties. Further, as the Court concludes in this Order, Defendant has not been properly served. Accordingly, Plaintiff's Motion for Discovery (ECF No. 60) is premature and is **DENIED**.

## CONCLUSION

For the reasons stated in this Order, Plaintiff is **DIRECTED** to serve the United States Attorney for the Southern District of Ohio in accordance with Federal Rule of Civil Procedure 4(i)(1)(A) and Local Civil Rule 4.2 **within 21 days of this order**. Further, Plaintiff is **DIRECTED** to serve the United States Department of the Navy in accordance with Federal Rule of Civil Procedure 4(i)(2), Local Civil Rule 4.2, and Appendix B to 32 C.F.R. § 97 **within 21 days of this order**. The Court **WARNS** Plaintiff that if he fails to comply with these orders, his case may be dismissed. Plaintiff's Motion for Discovery (ECF No. 60) is premature and is **DENIED**.

This case remains open.

**IT IS SO ORDERED.**

<u>12/5/2024</u>                   <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                           **EDMUND A. SARGUS, JR.**
                                              **UNITED STATES DISTRICT JUDGE**